IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHANNEL CONTROL MERCHANTS, LLC                                    PLAINTIFF

VERSUS                                       CIVIL ACTION NO. 2:11cv21KS-MTP

STEVE DAVIS, FRANK E. BREAZEALE;
NICHOLAS SHATTLES; BILLY C. HUDSON, SR.;
AND BDS HUDSON COMPANY, LLC d/b/a
HUDSON'S OUTLET                                                  DEFENDANTS


## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss or in the Alternative to Stay Proceedings **[#11]** filed on behalf of the defendants.  The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file, and being otherwise fully advised in the premises finds that the motion is not well taken and should be denied.  The court specifically finds as follows:


## BACKGROUND

Channel Control Merchants ("CCM") purchases insurance salvage merchandise and resells it at deeply discounted prices through its Treasure Hunt retail stores located throughout Mississippi.  CCM also purchases close-outs, customer returns and other secondary market merchandise, and resells it at deeply discounted prices through its Dirt Cheap retail stores located throughout Mississippi, Alabama, and Louisiana.

Salvage retailers such as CCM compete with each other to purchase the finite amount of merchandise available from salvors.  CCM contends that knowledge of the

salvors' identity is vital to the success of a salvage retail business since the salvage industry does not offer a trade directory or other method of easily ascertaining the identity of salvors.  Instead, according to CCM, the knowledge can only be acquired through long-term discovery and networking.

Steve Davis, Frank E. Breazeale and Nicholas Shattles are former employees of CCM and former shareholders in CCM Associates of Hattiesburg, LLC.  In exchange for ownership interests in the company, they each entered into Non-Compete and Confidentiality Agreements with CCM pursuant to which they agreed not to compete with CCM and not to solicit CCM's salvors, suppliers, customers or employees for a period of two years after they ceased to be an employee of CCM.  They also agreed not to disclose CCM's confidential and propriety business information.

The defendants contend that in August, 2010, Steve Davis, Frank E. Breazeale and Nicholas Shattles were wrongfully and in bad faith terminated from their employment with CCM.  In contrast, CCM maintains that in September 2010, Davis, Breazeale and Shattles resigned from their employment with CCM, and went into business with Billy C. Hudson, Sr., to operate BDS Hudson Company, LLC d/b/a Hudson's Outlet ("Hudson's Outlet").

Hudson's Outlet is a salvage retail operation located in Mississippi that directly competes with CCM.  CCM asserts that shortly after opening Hudson's Outlet, Davis, Breazeale and Shattles began soliciting the salvors with whom they had developed relationships during their employment with CCM and from whom CCM purchased its salvage merchandise and within days, they had allegedly made at least three purchases from these salvors.   CCM also argues that these defendants also falsely represented to

the salvors that CCM was no longer interested in the salvage industry and was getting out of the business.

CCM also contends that just before leaving CCM, Davis, Breazeale, and Shattles raided CCM's computer systems, misappropriating volumes of confidential and proprietary business information.  CCM's federal complaint alleges that defendants are using this misappropriated confidential information and trade secrets to solicit CCM's salvors and suppliers and to compete with CCM in its most profitable markets.  CCM further alleges that the defendants have acted in violation of their Non-Compete and Confidentiality Agreements, and a litany of federal and state statutes and common law.

In what CCM characterizes as a good faith effort to resolve this matter before initiating litigation, on January 5, 2011, CCM forwarded a draft of its federal court Complaint to the defendants' attorney and asked that the parties meet to discuss potential resolution.  The parties met on January 11, 2011.  The next day, the defendants rejected CCM's settlement proposals.  On January 13, 2011, the defendants herein, Steve Davis, Frank E. Breazeale, Nicholas Shattles, Billy C. Hudson, Sr., and BDS Hudson Company, LLC d/b/a Hudson's Outlet, filed a Complaint in the Chancery Court of Forrest County seeking a declaratory judgment that the non-compete and confidentiality agreements alleged to be enforced by CCM, were in fact unenforceable.  On January 26, 2011, CCM filed the instant cause of action before this court.

The State court action has not advanced beyond CCM filing an answer and compulsory counterclaims, and a motion to dismiss the case or, in the alternative, stay the state court action pending the resolution of this action.  The motion to dismiss or, in the alternative, to stay, is scheduled for hearing on April 21, 2011.  The defendants

have filed the instant motion seeking a dismissal pursuant to Rule 12(b)(1), (2), (3) and (6) of the Federal Rules of Civil Procedure.  The defendants assert that the prior state court proceedings arise out of the same operative facts and relate to the same operative law and issues.  Accordingly, the defendants argue, the fling of this action by CCM violates Mississippi's "First to File" rule and must be dismissed.

## STANDARD OF REVIEW

A Rules 12(b)(1) motion attacks the court's jurisdiction to hear and to decide any issues in the case and therefore the court must address that at any time during the pendency of the litigation that is asserted or even indeed upon its own motion.  *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981).  It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts.

The defendants also apparently attack this court's *in personam* jurisdiction via a citation to Rule12(b)(2).  "The party invoking the jurisdiction of a federal court bears the burden of establishing the court's jurisdiction over a nonresident defendant."  *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir. 1982), *cert. denied* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983).  When the court does not rely on an evidentiary hearing but instead decides the motion on the basis of pleadings and exhibits on file, the party urging jurisdiction is only required to present a *prima facie* case of personal jurisdiction.  *See Brown v. Flowers Industries, Inc., supra; DeMelo v. Toche Marine Inc.*, 711 F.2d 1260, 1270-71, (5th Cir. 1983), and *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

-4-

> The allegations of the complaint except insofar as controverted by opposing affidavits must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiffs for purposes of determining whether a *prima facie* case for personal jurisdiction has been established.

*Thompson v. Chrysler Motors Corp.*, 755 F.2d at 1165, quoting *DeMelo v. Toche Marine Inc.*, 711 F.2d at 1270-71.

"Moreover all conflicts in the facts alleged in the opposing affidavits 'must be resolved in plaintiff's favor for purposes of determining whether a *prima facie* case for *in personam* jurisdiction has been established.'" *DeMelo v. Toche Marine Inc.*, 711 F.2d at 1270, (quoting *Brown v. Flowers Industries, Inc.*, 688 F.2d at 333, quoting *United States Ry. Equipment Company v. Port Huron and Detroit R.R.*, 495 F.2d 1127, 1128 (7th Cir. 1974)).

The defendants also cite to Rule12(b)(3) as a basis for dismissal.  Under this subsection of Rule 12, when an objection to venue has been raised, it is the plaintiff's burden to establish that venue is proper in the judicial district in which the action has been brought. *Transamerica Corp. v. Trans-American Leasing Corp.*, 670 F.Supp. 1089, 1090, 5 U.S.P.Q.2d 1352, 1353 (D.Mass.1987); 15 Wright, Miller & Cooper, *Federal Practice & Procedure* § 3826 at 259 (1986).

Finally, the defendants argue for dismissal pursuant to Rule 12(b)(6).  Dismissal under this subsection is appropriate if a party fails to state a claim under which relief can be granted.  The allegation that the complaint must be accepted is true when the court considers whether the plaintiff has stated a cause of action.  *See Cramer v. Skinner*, 931 F. 2d 1020 (5th Cir. 1991)(*cert. denied*, 60 U.S.L.W. 3057, 112 S. Ct. 298, 116 L. Ed. 2d 242 (1991)).  Only the complaint and allegations contained therein are to be considered

in reaching a decision on a defendant's Rule 12(b)(6) motion to dismiss.

In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. Wright & A. Miller, *Federal Practice and Procedure*: Civil 2d § 1356 at 298 (1990).  As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993); (internal footnotes and citations omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, it must be dismissed under Rule 12(b)(6) unless it contains sufficient facts to "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 US. 544, 555, 127 S. Ct. 1955, 1965 (2007).  A complaint does not pass muster if it contains no more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Id.*, 550 US. at 555-56, 127 S. Ct. at 1965.  As the Supreme Court recently held, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, __ US. __, 129 S. Ct. 1937, 1950 (2009) (internal quotations omitted).

Since the 12(b)(6) motion usually only tests the allegations of the complaint, "a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as a motion

for judgment on the pleadings or for summary judgment must be used to challenge the

failure to state a claim for relief."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE

AND PROCEDURE: Civil 2d § 1357 at 300 (1990).  However, such a result is only

technically correct since subject matter jurisdiction may be raised at any time, either by

the court *sua sponte* or by a motion to dismiss.  *See, Burks v. Texas Co.*, 211 F.2d 443

(5th Cir. 1954).

Therefore, any motion which challenges the subject matter jurisdiction of the court

would be proper at any time, even up until trial.  Rule 12(h)(3), Fed.R.Civ.P.  Therefore,

while technically a 12(b)(6) motion may be made at any time, even after a responsive

pleading is filed, the court still may not consider anything but the well-pleaded allegations

of the complaint in ruling on it.  If any matters outside the complaint are considered, the

motion is converted to one for summary judgment.  Regarding such conversion, Rule

12(d) provides specifically;

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the
> pleadings are presented to and not excluded by the court, the motion must
> be treated as one for summary judgment under Rule 56.  All parties must
> be given a reasonable opportunity to present all the material that is
> pertinent to the motion.

Thus, "The element that triggers the conversion is a challenge to the sufficiency of

the pleader's claim supported by extra-pleading material.  It is not relevant how the

defense is actually denominated."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE

AND PROCEDURE: Civil 2d § 1366 at 485 (1990).

`        Further, as the Fifth Circuit has explained;

> The only way to test the merit of a claim if matters outside the bounds of
> the complaint must be considered is by way of motion for summary
> judgment.  In that event, even if a motion to dismiss has been filed, the

-7-

court must convert it into a summary judgment proceeding and afford the
plaintiff a reasonable opportunity to present all material made pertinent to a
summary judgment motion by Fed.R.Civ.P. 56.  *Arrington v. City of
Fairfield*, 414 F.2d 687 (5th Cir. 1969); 5 C. WRIGHT & A. MILLER,
FEDERAL PRACTICE AND PROCEDURE § 1366 at 679 (1969).

*Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

On a 12(b)(6) motion, of course the court must view all well-pleaded facts as true

and in the light most favorable to the non-moving party.  However, "once the proceeding

becomes one for summary judgment, the moving party's burden changes and he is

obliged to demonstrate that there exist no genuine issue as to any material fact and that

he is entitled to judgment as a matter of law."  C. Wright & A. Miller, *Federal Practice and

Procedure*: Civil 2d § 1366 at 506 (1990).


## ANALYSIS

The defendants argue that case law is clear and unambiguous that a prior state

court action has priority over a subsequently filed federal court action since it is the

plaintiff's decision and/or right to have his claims heard in the forum in which he chooses.

According to the defendants, the priority-of-jurisdiction rule stands for the premise that

the first court in which the action is filed has proper subject matter jurisdiction.  *RAS

Family Partners v. Onnam Biloxi, LLC*, 968 So.2d 926, 929 (Miss. 2007).  The

defendants correctly point out that the Mississippi Supreme Court has stated, "[t]he 'first

to file' or 'race to the courthouse' rule is well-established in Mississippi case law: '[w]here

two suits between the same parties over the same controversy are brought in courts of

concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over

the whole  controversy to the exclusion or abatement of the second suit.'"  *Id.* at 929

(quoting *Scruggs, Millette, Bozeman, & Dent, P.A. v. Merkel and Cocke, P.A.*, 804 So. 2d 1000,1006 (Miss. 2001).  *See also In Re Petition of Beggiani*, 519 So. 2d 1208, 1210 (Miss. 1988).

For the purpose of determining which court first had proper jurisdiction, the Mississippi Court looks to "' the date the initial pleading is filed, provided process issues in due course.'"  *RAS Family Partners*, 968 So. 2d at 929 (quoting *Scruggs*, 804 So.2d at 1006).  *See also Huffman v. Griffin*, 337 So. 2d 715 (Miss. 1976).  Further, the First-to-File rule "does not require that cases be identical", but merely that there is a "substantial overlap" in issues and parties.  *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F. 3d 947, 950 (5th Cir. 1977).

In response, the plaintiff argues that the core issue is whether a federal court should abstain from adjudicating claims when those claims are also pending in state court and not the application of Mississippi's first-to-file rule.  The plaintiffs assert that settled principles of federalism and abstention case law fully support this court adjudicating CCM's claims.

As a threshold matter, the plaintiff correctly points out that the defendants' reliance on Mississippi's first-to-file rule is misplaced.  Federal courts apply federal procedural law – not state law – under the *Erie* doctrine. *See, e.g., Fed. Ins. Co. v. Gen. Elec. Co.*, No. 2:08cv156KS-MTP, 2009 WL 4728696, at *4 (S.D. Miss. Dec. 3, 2009) (Starrett, J.).  Further, both Mississippi and Fifth Circuit case law plainly hold that the first-to-file rule is not applicable when one suit is pending in state court and the other is pending in federal court.  "As a general rule, the principle of priority jurisdiction does not apply where like suits are pending in both state and federal courts.  Because federal and

state courts are separate jurisdictional sovereigns, 'the pendency of an action in a federal court is not ground for abatement of a like suit in a state court.'" *Crawford v. Morris Transp., Inc.,* 990 So. 2d 162, 169 (Miss. 2008) (quoting *Streckfus Steamers, Inc. v. Kiersky*, 163 So. 830, 835 (Miss. 1935)).

The Fifth Circuit likewise holds that "the 'first-to-file' rule applies only when two similar actions are pending in two *federal* courts . . . ." *Am. Bankers Life Assurance Co. v. Overton*, 128 F. App'x. 399, 403 (5th Cir. 2005) (emphasis in original). *Accord Cherokee Ins. Co. v. Babin*, No. 3:06cv00612-DPJ-JCS, 2007 WL 2381928, at *4 (S.D. Miss. Aug. 17, 2007) (Jordan, J.) ("the Fifth Circuit Court of Appeals [has] observed that the first-to-file rule has no application unless both actions are in federal courts …"). *See also Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."); *Lear Siegler Servs. v. Ensil Int'l Corp.*, No. SA-05-CA-0679-XR, 2005 WL 2645008, at *2 (W.D. Tex. Sept. 20, 2005) ("The first-to-file rule is a discretionary doctrine that permits a federal district court to decline jurisdiction over an action when a complaint involving the same parties and issues is pending in another federal court."). Thus, while the first-to-file rule of Mississippi has no application, the proper issue is whether principles of federalism require that this court abstain from adjudicating the claims asserted in CCM's complaint.

## ABSTENTION

Pursuant to the dictates of the United States Supreme Court in *Colorado River*

*Water Conservation District v. United States*, 424 U.S. 800, 817-19, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), considerations of "wise judicial Administration" provide discretion for the federal court to abstain or stay exercise of its jurisdiction when there are "parallel" state court proceedings.  Indeed, the concept rests on idea of promoting a "conservation of judicial resources," avoiding duplicative litigation, and discouraging forum shopping. *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246, and *St. Paul Insurance Company v. Trejo*, 39 F.3d 585 (5th Cir. 1994).  The Fifth Circuit has held that the two cases are considered parallel if they involve the same parties and the same issues.  *Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 538-41 (5th Cir.2002) (overruled on other grounds, *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778 (5th Cir. 2009)).

There is no dispute that the appropriate abstention standards for the court to apply are set forth in *Colorado River* as refined in *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).  *See also Safety Nat. Cas. Corp. v. Bristol-Myers Squibb Co.* 214 F.3d 562, 564 (5th Cir. 2000). Under the *Colorado River* doctrine, this court may abstain from hearing a case in only "exceptional circumstances."  *See Kelly Inv., Inc. v. Cont'l Common Corp.,* 315 F.3d 494, 497 (5th Cir.2002).

Further, abdication of the obligation to decide cases under the doctrine of abstention can be justified in "exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest," such as considerations of "proper constitutional adjudication, regard for federal-state relations, or wise judicial administration."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S.Ct. 1712,

135 L.Ed.2d 1 (1996) (citations and internal quotations omitted).  "Unless there is a legitimate reason to abstain, federal courts 'cannot abdicate their authority or duty in any case in favor of another jurisdiction.'"  *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir.2001) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 358, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989)).

There are six factors which have been developed from *Colorado River* and its progeny to assist the court in determining if exceptional circumstances exist so as to allow the court to abstain from hearing a particular action.  Those six factors are: (1) assumption by either state or federal court over a res; (2) relative inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent forum; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.  *Stewart v. Western Heritage Ins. Co.* 438 F.3d 488, 491 (5th Cir. 2006); *see  Colorado River*, 424 U.S. at 818, 96 S.Ct. 1236; *Moses H. Cone*, 460 U.S. at 23, 103 S.Ct. 927.

However, "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. 927; Further, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813, 96 S.Ct. 1236.

The first two *Colorado River* factors arguably do not apply (there is no property attached in either court, and both the federal and state courts in Mississippi are equally

-12-

convenient).  However, in deciding whether the absence of assumption of jurisdiction over a res is neutral, it is important that in *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488 (5th Cir. 2006) the Fifth Circuit held that a district court should not have abstained from hearing a cause of  action brought by the insured's bankrupt sole shareholder against insurers for its breach of contract and bad faith failure to pay, notwithstanding pendency of parallel state court action commenced by the bankruptcy trustee.

In doing so, the Court reviewed the *Colorado River* test and noted that neither the state nor federal court had assumed jurisdiction over any res.  *Id.* at 492.  Thus, the Court rejected the contention that the absence of this factor is "a neutral item, of no weight in the scales" and determined it in fact supported exercising federal jurisdiction. *Id.* (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988); and *Murphy v. Uncle Ben's Inc.*, 168 F.3d 734, 738 (5th Cir. 1999)).  Further, with regards to the second factor, when courts are in the same geographical locations, the inconvenience factors weighs against abstention.  *Id.* (citing *Murphy*, 168 F.3d at 738). Therefore, a consideration of the first two *Colorado River* factors counsel against abstention.

As to factor three, the defendants argue that by not granting a stay, duplicative, piecemeal litigation would surely result.  The defendants assert that they would have to defend two identical cases at the same time.  However, in *Stewart,* the Court noted that there was some potential for piecemeal litigating as the state court was the only forum for hearing certain claims but went on to conclude that a plea of *res judicata* after the completion of one suit could eliminate the remaining issues and the problem of an inconsistent judgment.  438 F.3d at 492.

In *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 138 (5ᵗʰ Cir. 1999), cited in *Stewart*, the Court reviewed this factor and noted that cases with no more than one plaintiff, one defendant, and one issue did not involve piecemeal litigation and determined that parallel litigation was duplicative, not piecemeal and that duplicative litigation was not a factor to be considered in an abstention determination. *Id.* at 738 (citing *Evanston* 844 F.2d at 1192 (citing *Colorado Riveri,* 424 U.S. at 817. Indeed, the *Murphy* court went on to state that [t]he only bar to dual prosecution is dismissal due to *res judicata*." *Id.* Thus, as in *Murphy*, this factor weighs against abstention.

Regarding the fourth factor, the inquiry is "how much progress has been made in the two actions." *Stewart* 438 F.3d at 492 (citing *Murphy*, 168 F.3d at 738). The defendants assert that jurisdiction was obviously obtained earlier in the State Court and that the dispositive motion to dismiss has been fully briefed, and is shortly set for a hearing. However, the same is true here and no discovery has occurred in either case and no ruling has been made on the motion in the state court case. Indeed, both cases seem to be in much the same posture at this time. This factor is generally neutral to an abstention determination. However, the Fifth Circuit has stated that, if "the state and federal suits are proceeding at approximately the same pace, this factor weighs against abstention." *Black Sea Invest., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 651 (5ᵗʰ Cir. 2000).

With regard to the fifth factor, the plaintiff argues that this factor weighs heavily in favor of not abstaining since CCM has asserted multiple federal causes of action, including claims under the Computer Fraud & Abuse Act and the Lanham Act. The court agrees and finds that this factor weighs against abstention.

-14-

As to factor six, the defendants argue that the State Court is perfectly capable of disposing of this case, as is evidenced by the filing of the plaintiff's counterclaim in the State court action.  The court accepts that the State Court is indeed well suited and capable of disposing of this case in a timely manner.  In the balancing issue before the court, however, this factor must be viewed as neutral.

Concluding that perhaps five out of the six *Colorado River* factors counsel against abstention with the other one neutral, does not end the matter, however.  As previously stated, this court is not to merely mechanically weigh the listed factors but must balance them in an effort to comply with the higher courts' admonitions not to shirk jurisdiction over cases properly before it.

This court concludes that after carefully analyzing and balancing the relevant factors set forth in *Colorado River* and its progeny that abstention is not warranted.  The defendants have not shown that exceptional circumstances exist which would warrant this court declining to exercise jurisdiction over this case.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion to Dismiss or in the Alternative to Stay Proceedings **[#11]** is Denied.

IT IS FURTHER ORDERED AND ADJUDGED that the parties shall contact Magistrate Judge Parker within ten days of this order for the entry of a Case Management Order.

SO ORDERED AND ADJUDGED this the 11th day of April, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE