IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CHANNEL CONTROL MERCHANTS, LLC**                                        **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO.  2:11cv21-KS-MTP**

**STEVE DAVIS, ET AL.**                                        **DEFENDANTS**

### ORDER

THIS MATTER is before the court on the Defendants' Motion [64] to Compel Discovery Responses and the Plaintiff's Motion for Protective Order [66].  Having considered the submissions of the parties and the applicable law, the court finds that the Defendants' Motion [64] to Compel should be granted in part and denied in part and that Plaintiff's Motion for Protective Order [66] should be denied.

In their Motion [64], Defendants seek an order compelling Plaintiff Channel Control Merchants, LLC ("CCM") to provide information and documents responsive to Interrogatory No. 34 and Request for Production Nos. 19 and 32.  Specifically, Defendants seek an order requiring Plaintiff to supplement its discovery responses to include CCM's consolidated income tax returns and financial statements for the period covering 2008 to the present.  *See* Motion [64] at 5.

CCM objects to Defendants' requests because CCM is only seeking lost profits for its Treasure Hunt business and because CCM's consolidated tax returns do not separate financial information for Treasure Hunt from CCM's other subsidiaries (for which CCM makes no claims for lost profits).  Accordingly, CCM claims its consolidated tax returns and audited financial statements are not relevant to this litigation and will not lead to the discovery of admissible evidence.  CCM further claims its tax returns and audited financial statements are highly

confidential and sensitive.  In conjunction with its Response [69], CCM filed a Motion for Protective Order [66] requesting the court to limit the examination of witnesses and other discovery concerning specific financial information to its Treasure Hunt business.

Neither side provided the court with any legal authority in support of its position.  In order to compel the disclosure of tax returns, "the court must find both 'that the returns are relevant to the subject matter of the action,' and 'that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.'"  *Dawson Farms, LLC v. BASF Corp.*, No. 06-0737, 2007 WL 519476, at *1 (W.D. La. Feb. 15, 2007) (quoting *Mohnot v. Bhansali*, No. 99-2332, 2001 U.S. Dist. LEXIS 6815, at *2, 2001 WL 515242 at *1 (E.D. La. May 11, 2001)).  Because CCM is seeking lost profits, the court finds that its tax returns and financial statements are relevant to this action and that there is a compelling need for the documents.  Defendants urge that such documents are necessary to evaluate Plaintiff's claim for lost profits, including the evaluation of CCM's overhead expenses. *See* Response [74] and Ex. A [74-1], filed under seal.  While these documents may not ultimately be admissible at trial, they certainly appear reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

The court is mindful of CCM's argument that it is only claiming lost profits for its insurance salvage business it conducts through Treasure Hunt, and that its tax returns are not broken down by subsidiary.  However, as Defendants point out, Treasure Hunt is not a party to this action; CCM is the Plaintiff and the party claiming lost profits in this matter.  The court is also aware of the confidential and sensitive nature of the tax returns and financial statements.  However, a Consent Protective Order [39] has been entered in this matter to address those

concerns.[1]

In their Reply [70] to CCM's Response [69], Defendants request additional documents including: the general ledgers for Treasure Hunt, LLC, by store for 2008 to the present, deal tracker reports for 2008 to present (this information would include details of the successful and unsuccessful salvage purchases made and attempted by Treasure Hunt for salvage material and the results thereto), information such as store closings, additions or terminations of employees, large catastrophic events affecting purchases or sales, increase or reduction of overhead including employee benefits, and any salvors which ceased doing business with CCM for any reason, each purchase that CCM made from a salvor in 2008 to present,[2] documents showing the amount of purchase and expenses associated with the purchase and resulting revenue it generated, CCM's operating agreement, and its corporate minutes from 2008 to the present. Defendants represent that Plaintiff's counsel has indicated that this information will "probably" be produced, but they have not yet received it.

As noted by CCM, these specific documents were not requested or identified in Defendants' Motion to Compel [64]; rather, they are mentioned for the first time in their Reply [70]. Moreover, these documents appear to go beyond the scope of the information and

---

[1]CCM expresses its concern over the effectiveness of the Consent Protective Order [39], given the fact that Defendants violated it by filing their expert report of record, which includes a summary of CCM's confidential financial information. Those records have now been sealed by the clerk. *See* Ex. A to Response [74]. Defendants are hereby advised to take caution in future filings and conduct and to fully comply with the Consent Protective Order [39].

CCM requests that in the event the court orders production of its tax returns and financial statements, those documents be afforded "Super Confidential" designation under the Protective Order [39] and only be made available to Defendants' legal counsel and expert witnesses. Pursuant to the Consent Protective Order [39], the producing party makes the designation.

[2]CCM represented it has produced information regarding purchases it made from salvors from 2009. *See* Reply [75], footnote 2.

documents responsive to the three requests at issue in the Defendants' Motion [64].  *See* Fed. R. Civ. P. 34(b)(1)(A) (the party "must describe with reasonable particularity each item or category of items to be inspected").

IT IS, THEREFORE, ORDERED:

1. Defendants' Motion [64] to Compel Discovery is GRANTED in part and DENIED in part as set forth herein, with each party to bear its own costs and fees.

2. Defendants' Motion [64] is granted to the extent is seeks the production of CCM's consolidated tax returns and financial statements.  Plaintiff CCM shall immediately produce its consolidated tax returns and financial statements for the years 2008 to present.  The production of such documents is subject to the Consent Protective Order [39] entered in this matter and the parties are directed to take the appropriate measures to comply with same.

3. The remainder of the relief requested in Defendants' Motion [64] is denied.

4. Plaintiff's Motion for Protective Order [66] is denied.

SO ORDERED this the 19th day of April, 2012.

                                                    s/ Michael T. Parker
                                                    United States Magistrate Judge